UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GARLAND TYREE,

         Petitioner,

-against-

UNITED STATES OF AMERICA,

         Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

08 CV 5269 (RJD)
02 CR 1295 (RJD)

DEARIE, Chief Judge.

 Pro se petitioner Garland Tyree was convicted in this Court after a jury trial of three counts of unlawful possession of firearms and ammunition as a prior felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of unlawful possession of a defaced firearm in violation of 18 U.S.C. §§ 922(k) and 922(a)(1)(B). The Court sentenced petitioner to concurrent terms of 120 months imprisonment on the first three counts and a concurrent five-year sentence on the last count.

 Petitioner now challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below and in the government's Opposition to Petition to Vacate Sentence Pursuant to 28 U.S.C. § 2255, petitioner's application for relief is denied, and the petition is dismissed.

## DISCUSSION

 Petitioner persists in his efforts to undermine his conviction of firearms possession as a prior felon by first arguing that the government committed a Brady violation when it withheld exculpatory statements made by William "Juni" Smith to prosecutors that he did not "think" that petitioner possessed the firearms that were the basis of petitioner's conviction. This claim has previously been discarded by this Court and the Second Circuit Court of Appeals, see United

1

States v. Tyree, 279 Fed. App'x. 31, 33-34 (2d Cir. 2008) (affirming petitioner's conviction) and will not be revisited. See Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal") (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)).

Petitioner next argues that his sentence should be vacated or that he should be given a new trial on the ground of new information "discovered after sentencing." He purports to have in his possession an affidavit of one Pearlie Johnson in which Johnson claims that government witness Envar Mehmeti admitted to her that that the firearms in question belonged to him and not petitioner. According to petitioner, the affidavit also reflects Pearlie Johnson's startling claim that Mehmeti came to court to exonerate petitioner only to be sent home by the undersigned.

As an initial matter, there has been no such affidavit tendered in support of the petition and no explanation offered for its absence. Just as curious is the absence of any explanation as to why this clearly hearsay-based claim has not been voiced previously. It is well established that a petitioner seeking to vacate a sentence pursuant to § 2255 based on newly discovered evidence must demonstrate why he did not know about and present this evidence at trial. Petitioner's failure to do so here is enough to deny his petition. See Matera v. United States, 2006 WL 3479067, at *6 ("New evidence in a proceeding pursuant to section 2255 is 'evidence that is discovered after the original hearing, and which could not, with due diligence of counsel, have been discovered sooner.'") (quoting Giacalone v. United States, 739 F.2d 40, 43 (2d Cir. 1984).

Even if the statements in Pearlie Johnson's purported affidavit were "newly discovered," not hearsay and were true, petitioner's flawed attack on the government's witness suffers from an even more fundamental limitation – it is improbable that the "evidence" would lead to an acquittal. See United States v. Zagari, 111 F.3d 307, 322 (2d Cir. 1997) (holding that to grant a

2

acquittal. See United States v. Zagari, 111 F.3d 307, 322 (2d Cir. 1997) (holding that to grant a § 2255 petition the evidence must not only be "newly discovered" but also "so material and noncumulative that its admission would probably lead to an acquittal") (internal citations and quotation marks omitted). As the Court noted in ruling on petitioner's motion to dismiss after trial, Mehmeti's credibility was thoroughly undermined at trial and petitioner was convicted not on Mehmeti's testimony but on his own word as he sought to script a defense by aggressively enlisting Mehmeti and others to testify in his defense:

> I will say this, I don't believe for a moment that Mr. Tyree was convicted on the testimony of [Mehmeti], among other things in common parlance, Ms. Kellman had Mr. Mehmeti for lunch during cross-examination. I thought his answers bordered on the absurd at times, including his infamous reference to sleep talking.[1]

Thus, even if petitioner was able to cast further doubt on Mehmeti's credibility, the possibility that such a development would alter the jury's view of the evidence is simply inconceivable.

## CONCLUSION

For the reasons set forth above, the instant petition is denied. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 8, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] Mehmeti testified at trial that in recorded conversations with petitioner he may have stated that the firearms belonged to him, and not petitioner, because he talked in his sleep.

3